UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ELSTON BONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 25-11454-DJC |
| v. | ) | |
| | ) | |
| MASSACHUSETTS BAY | ) | |
| TRANSPORTATION AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON PLAINTIFF'S MOTION TO COMPEL
[Docket Nos. 35]

May 29, 2026

Boal, M.J.

Plaintiff Elston Bone seeks to compel defendant Massachusetts Bay Transportation Authority ("MBTA") to provide a complete response to his First Request for Documents and Interrogatories. Docket No. 35 at 4.[1] In the First Set of Interrogatories, interrogatories one through nine seek information from several non-party individuals. Docket No. 36-4 at 4-9. For example, interrogatory number one requests that it be answered by Joao Goncalves. Id. at 4. Rule 33 of the Federal Rules of Civil Procedure provides for interrogatories to parties only. Fed. R. Civ. P. 33 ("Without leave of court or written stipulation, any party may serve upon any other party written interrogatories" [emphasis added]). See University of Texas v. Vratil, 96 F.3d 1337, 1340 (10th Cir.1996) ("Under Fed.R.Civ.P. 33(a), interrogatories may only be directed to a

---

[1] On February 13, 2026, Chief Judge Casper referred this case to the undersigned for full pretrial management, excluding dispositive motions. Docket No. 37.

1

party to an action."); see also Marcello v. Maine, No. CV-06-68 BW, 2006 WL 3804891, at *2 (D. Me. Dec. 22, 2006) (successful movant of motion to dismiss not subject to interrogatories because he is no longer a party).  Accordingly, Bone's motion to compel the MBTA to answer interrogatories one through nine is denied.

With respect to the remaining interrogatories, the MBTA has either answered or properly objected.  Interrogatories ten through twelve ask "[h]ow many employees did the MBTA have" on three separate dates.  Docket No. 36-4 at 9-10.  The MBTA provided Bone with specific numbers for each date.  Id.  The sole remaining interrogatory asked for the MBTA's "operating budget for fiscal years 2023, 2024, and 2025," including "any and all supplemental funding [and/or] additional funding for each fiscal year."  Id. at 10.  The MBTA responded by providing an approximate figure for each requested fiscal year.  Id.

With respect to interrogatories ten through twelve, this Court finds that the MBTA fully answered those interrogatories.  Accordingly, Bone's motion to compel is denied as to these interrogatories.

Although Bone concedes that the MBTA partially produced documents responsive to his First Request for Documents, he seeks to compel further production.  Docket No. 35 at 3.  Bone contends that because he served the First Request for Documents on December 6, 2025, the MBTA's responses were due by January 5, 2026, thirty days after service.  Id. at 1.  The MBTA counters that because Bone served an amended request on January 26, 2026, the thirty-day deadline reset to February 25, 2026.  Docket No. 36 at 5.

Here, the record reflects that the MBTA began its rolling production of documents on January 14, 2026.  Docket Nos. 35-1 at 5; 36-2 at 2.  Despite originally denying the MBTA a thirty-day extension, Bone appears to have accepted this production schedule, stating that he would "hold off on filing [a] motion to compel" pending further production.  Docket No. 35-1 at

6.  Following a meet and confer on January 21, 2026, Bone served an Amended First Request for Documents on January 26, 2026, specifically to address the MBTA's various objections.  Docket Nos. 35-1 at 8; 36-3 at 5; 39-1 at 11.  The MBTA made supplemental productions on February 18 and March 9, 2026.  Docket Nos. 40 at 2; 40-4 at 9.

As a practical matter, when a party serves an amended discovery request that substantially alters the scope of the original, the amended version supersedes the prior one.  Here, Bone narrowed several requests significantly, including, for example, reducing a temporal scope of fifteen years to approximately seven and a half years.  See, e.g., Docket Nos. 36-2 at 3-4; 36-3 at 2-3 (narrowing a request for records "since the year 2010" to "since . . . July 1, 2018, to January 26, 2026").  This Court finds that the MBTA appropriately initiated a rolling production as early as January 14, 2026, particularly given the overbreadth of the initial requests.

Accordingly, Bone's request as to his First Request for Documents is denied.


/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

3